the fourth district appellate court of the state of illinois has now convened the honorable peter c cavanaugh presiding we'll call case 4-22-0222 counsel for the appellant cross appellee please state your name for the record good afternoon your honor whitman briskey on behalf of the plaintiff appellant and counsel for the appellee good morning your honor michael atkiss atkus for the defendant appellee cross appellant and just in case i didn't state the full caption this is sandra rojas appellant and cross appellee versus sandra martel at all appellees and cross appellant counsel you may proceed thank you your honors wittebago county discriminated against nurse rojas by forcing her to choose between termination of her position at the county health clinic where she primarily served children and transferred to a far less desirable position at a county-owned nursing home the trial court so found and the to the amount of financial damage nurse rojas suffered as a result of her termination the question to be decided by this court is whether nurse rojas is barred from compensation for her economic losses resulting from the county's illegal discrimination because she failed to mitigate her damages by accepting the nursing home position the very position to which she was being transferred by the county's illegal action nurse rojas had worked for many years at the county's clinic where she had regular business hours did not have to work weekends and work primarily with children she enjoyed this job and wanted to stay instead the county in a letter written by her boss dr sandra martel demanded that she choose between termination or transfer to a job at at the nursing home she knew and the county's witness pamela gettner testified that unlike the job at the clinic the nursing home job involved working nights and weekends lifting heavy patients bedpans bathing and feeding patients hospice care dying patients wound care emergency situations and the long-term care of geriatric patients this was not the work for which nurse rojas was trained and at which she was experienced it was under any rational standard let me ask a question counsel what if a nurse said that during the covid crisis i didn't sign up for this would they be discriminated against if they were required to work long hours and come into contact with deathly ill patients and help with anything that was required because of staff shortages well every every nurse would have had that very same issue so this is not a question of discrimination because every nurse would have been applied would have been required to do so well in this instance a nurse is asked to do what the county needs her to do and the only reason the county needs her to do is because quite properly she asserted a religious subjection to some of the work that she might be required to do in the clinic well but but the lower court found and there's no appeal of that finding that she did not have to go over to the to the nursing home that she could stay at the clinic so in fact it's the very act of discrimination that is the the transfer understood thank you thank you indeed the county itself has conceded that the nursing home job dr martell offerer had significantly different responsibilities less favorable work conditions and less desirable hours nurse rojas rationally and reasonably believed that this was a worse position and she turned it down in a reasonable act anti-discrimination laws such as the one at issue in this case are remedial and designed to make the victims of discrimination whole from damage suffered as a result of unlawful discrimination requiring the victim of discrimination to accept a much less desirable position or face losing all compensation for economic losses does not make her whole and in fact allows her former employer to avoid liability yeah i have a question council yes sir are you uh challenging that the uh position at the river bluff nurse nursing home wasn't actually available to your client uh the the trial court found that it was available and we have not challenged that position okay well and uh the um question or a point the trial court made in its uh thoughtful written findings was that your client failed to even consider this position never pursued it never uh engaged in it uh so that many of the concerns you've been now expressing to us may not have been as serious as you described well the the description comes from the county's own witness uh and the county's own stipulation so in terms of the actual distinctions they're in addition uh nurse rojas son worked at that nursing home and had talked to his mother about that and that's in the record and so she already knew what conditions were like she also had the misapprehension that there was a rule that would prevent her from working there because her son worked there well i'm not conceding that it was a misapprehension but she did believe that uh but that was not her primary reason for for uh refusing that position the trial court made an explicit finding that um the nursing home position was substantially equivalent to the plaintiff's position at the consolidated clinic two questions one uh how should we review that finding and two you seem to be claiming it's not correct why is that well first with respect to the standard of review the standard should be excuse me um de novo because he was he failed to consider any of the substantial equivalents standard and he just considered compensation and title well counsel let me back off for a moment evidence was presented to the trial court and the court heard and evaluated all that evidence and reaching its conclusion did it not well i can't i don't know what the court did i i only know what the court wrote well the court heard witnesses testifying on this precise point did it not the nature of the evidence but when it considered its analysis it only considered those two factors well the point i'm making is this court not long ago wrote uh in a different context but and a claim where the argument was that it's de novo review that it's hard for us to see how trial court's finding could ever be subject to de novo review when the court has actually heard live testimony from witnesses on the subject as happened here well even the same analysis applied here well even if that were the case it is clear because the the evidence is uncontested and there is a stipulation of the county that the two jobs are not equivalent in fact uh that uh even under a another standard of review a nurse rural hospital would win well but that's a different question uh whether you'd win another standard the question is what's our standard of review you're arguing it's de novo and i don't understand how that can be when the trial court has heard live witnesses i i understand your point uh your honor and i'm suggesting that whether you have uncontested facts uh the court can look at this and look at those facts de novo there's nothing for the for the trial court to decide as to who to believe well even if there even if there isn't a contrary evidence presented if that's what you mean by in this case to draw reasonable inferences from the testimony the court heard well i don't think the court drew any reasonable inferences it just looked at the compensation and the job title and said oh those are the only things that count those are substantially equivalent jobs and that's in the face of the stipulation you can go ahead sir a terminated employee has a duty to act reasonably in seeking other compensation other employment which nurse rojas did by replacing all but a small amount of her salary the bulk of her damages come from the loss of her county pension which she could only have obtained or retained by taking the nursing home job at the county which was at the very same time engaged in unlawfully discriminating her by attempting to transfer her to that job it's the very fact of that transfer that is the discrimination and which the county is now trying to use to bar her from any damages this this substantially equivalent analysis which amplifies what constitutes reasonable reasonable efforts at mitigation was derived from the u.s supreme court's decision in ford motor company and the majority of the federal cases applying this standard were decided under express mitigation requirement title 7 while there have as yet been no decisions interpreting this mitigation standard under the conscience act it has been applied in numerous other anti-discrimination cases under state and federal law including the illinois human rights act and rain tree health care versus human rights commission that's a first district case these cases make it clear that the alternative employment must offer virtually identical compensation job responsibilities working conditions and status and it must offer nearly the same hours and nature of work by conceding that the nursing home job involves significantly different responsibilities less favorable work conditions and less desirable hours the county has effectively conceded that it is not substantially equivalent to the clinic job nor is it unreasonable for nurse rojas to have turned down a job with the county which was at the very same time discriminating against her the trial court recognized the applicability of the substantially equivalent analysis but it failed to employ that analysis when it considered only job title and compensation and nothing else this was a misunderstanding of illinois law as applied to the undisputed facts that indeed the county has stipulated as i indicated illinois courts have gone a step further and found that where the party offering alternative employment is the employer itself the employer need not accept it if it would constitute a disadvantageous renegotiation of our original employment terms that's the schwarz case out of second district whose precedents would govern this proceeding clearly the job offered nurse rojas by her boss at the county clinic was not as good as the job she had and forcing it forcing her to take it would have been a disadvantageous renegotiation over employment terms is it correct that if she had taken that job her pension rights would have been protected that that is correct indeed that's the only job that would have protected her pension rights that would have that was even possible so she would had to had to in effect knuckle under to the discrimination in order to preserve her pension rights dr martell in the very same letter demanded that nurse rojas choose between losing her job altogether or accepting the job at the nursing home the county throughout this litigation has asserted that dr martell had the authority to offer her the position at the nursing home and that it would be considered a transfer under the schwarz analysis because the job offer came from her original employer and by the admission of the county constituted a transfer to another although the county never took this position below and there was no evidence that supported in the record after the trial had concluded the trial court took judicial notice that the legal entity which was the employer at the clinic was not according to the trial court the same technical legal entity which was the employer at the nursing home the trial court used that distinction in form not in substance to determine that schwarz did not apply and denied nurse rojas her economic damages as the second district whose precedents governed wrote in schwarz this you keep saying that counsel what's the basis of that what what decision of the appellate court is binding upon this court in this case well schwarz is and why well because the second the the supreme court the only supreme court when it transferred uh winnebago county to the jurisdiction of the fourth district appellate court expressly said in that order that in cases where uh they had started out in one district the precedents of that district would continue to apply but the precedent of that case is in binding and even the second district a different panel of second district judges could disagree with it couldn't that that could always happen that uh well then how is it i'm sorry how is it then binding precedent upon us because the illinois supreme court says so now if if the court so if this were a panel of the second district that decision would be binding precedent upon us and we could not disagree with our sister panel in the second district you could yes you could disagree but that would still be precedent i'm not talking about super well i'm just lying about are we required to follow that decision yeah you use the term now at least twice binding precedent i didn't stop you the first time but i want to stop it this time because i will i will i will concede your honor that it is not quote unquote binding precedent or super precedent or anything else but it is precedent and it is from that court if i understand correctly and correct me if i'm wrong in this seems like there's two different things going on here the first question is was there improper discrimination under the act and the trial court found that there was and then there's the question about did given that situation did the plaintiff appropriately mitigate her damages trial court found that she did not uh can't these uh matters exist independently and if i understand correctly i don't think the county is challenging in this record the trial court's finding that uh it improperly discriminated is that correct in your mind mr briskey that is that is correct i and our position has always been those are separate questions and that the discrimination question wasn't but what i am saying is that when the job that's offered in alternative is the very job that the transfer to what constituted the unlawful discrimination but pausing right there that's not how i understand it i think the issue is not where was she transferred to the issue was that she was transferred out or removed at all apparently the the finding was that was unnecessary she could have done the job she did the job for several weeks uh uh the idea that she had to leave the clinic was wrong that was the discrimination that was where the trial court said you shouldn't do that it's a different question entirely it seems to me about having so found now what well even i'm saying that that it's unjust and the schwarz case really goes to this point that the same employer can't just transfer or offer another job which is worse than the job she had at the beginning and say oh well i'm escaping all liability if you turn it down because you've failed to mitigate and i think that's what the schwarz case says in shores there was an employment contract how does that affect the circumstances because they're not an employment contract in this situation uh that's correct and this in this case we have even worse situation for the county defendant because here we have them unlawfully discriminating in a statute that is intended to make the employee whole so we don't necessarily uh i think they would have both applied whether there's a contract or not but the fact that that was a contract dispute and this was an employment discrimination dispute makes it even more important in our case and so what the trial court wrote about the shortest case is this and i'd like to comment on it no case has ever examined whether a plaintiff fails to mitigate damages by refusing alternative employment with the original employer that could uniquely prevent the greatest part of the why isn't that a correct assessment well for one thing it's contrary to schwarz which is the which is the case he's commenting upon because they're required virtually the same terms um thank you any other questions very well counsel um you have another five minutes to argue for the appellee cross count arguable good afternoon justices council may it please the court my name is michael adkiss i'm appearing this afternoon on behalf of defendants and respectfully requesting that the court affirm the judgment of judge doherty in the trial court judge doherty applied the correct standard in determining whether plaintiff failed to mitigate her damages specifically that standard was whether the plaintiff exercised reasonable diligence in ordinary care to minimize her damages in light of the facts and circumstances there's plenty of evidence in the trial record to support the reasonableness and correctness of judge doherty's decision first the plaintiff declined to consider a position of employment as an lpn with the winnebago county river bluff nursing home a position that had she explored the evidence showed she would have been given it was um and she would have been paid more actually than she was paid in the uh the consolidated clinic position and she would have retained her pension benefits with the imrf which made up a substantial majority of her economic damages in this case another point of evidence that supports the trial court's decision was uh as justice stigman pointed out the uh the finding that plaintiff's belief that the nepotism policy precluded her from taking the job um at the nursing home was uh i think as trial court called it a quote clearly mistaken um a couple other points that the trial court didn't raise specifically in its opinion but would also support the finding of um plaintiff's unreasonableness excuse me is uh plaintiff's testimony that she had made up her mind not to accept any county job before the option of the position at the nursing home was ever even uh brought up to her um and and the other point of evidence would be evidence that she initially was willing to consider that job until she found out from her son that the job included quote unquote hard work following which she informed dr martell that she was no longer interested in the position now the the facts of the trial were disputed on these points um also i have a question for you the question i asked mr briskey is my understanding correct that you are not appealing the finding by the trial court that the decision to transfer to remove uh the plaintiff from the uh clinic was a violation of the conscience act we are not appealing that the the we have decided to uh respectfully abide by uh judge doherty's decision on that point so uh we're asking to affirm the judgment at all okay it's just so i understand the nature of your cross appeal that is like a contingency based on what yeah it is it is a contingency it's a content well so the the contingency where it would come into play your honor would be if the court decides to law involving section i don't want to misquote the section let me look at my notes section section 1-102 of the tort immunity act which was free which precludes uh an award of punitive type damages against the local public entity so it is admit your position is we should affirm the particularly want to still affirm regarding the failure to mitigate damages correct okay go ahead counsel i have a question um and i understand what you've said about talking to us on that um to the outsider and perhaps some nurses as well doesn't it almost appeal appear be without question that a nursing home job would be different and have some different responsibilities than working in a clinic that opens at a certain time in the morning closes at a certain time in the afternoon sure i mean there's no dispute that the the jobs are not you know can't be sort of one-on-one mapped onto each other um i mean that would that would be hard to show with almost any job what about the what about this this is substantially similar and whatever but that language makes it almost sound like it's got to be identical can that be correct or am i misinterpreting what is meant by substantially similar i will i will address i will address your honor's question and and move on to my discussion of that standard so what the plaintiff is relying on for the substantially equivalent standard is a single sentence and a third district's opinion in harine versus the human rights commission um so council's interpretation of this rule is that um that illinois has adopted a per se rule where it's always reasonable for a plaintiff to refuse to consider an alternate employment unless that alternate is employment alternate employment is for all practical purposes identical to the former job uh no i think in part what you're saying is if the salary is better and you keep your pension benefits and you keep the same employer even though you might be a little disgruntled or a lot disgruntled with that employer that those are pretty important and stand at the forefront what i what i'm ultimately saying your honor is those are factors in a in a factual that go to a factual finding in the trial court about whether the ultimate action of the plaintiff was reasonable in light of all the facts and circumstances so the factors that you mentioned higher pay right same field retained benefits right those would all tend to show that the plaintiff's decision did not consider that position was unreasonable and a breach of the duty of care uh you know plaintiff points to the differences in the two jobs which conceitedly there are no two jobs are ever going to be the same and a plaintiff will always be able to point to some difference between two positions to say well i didn't have to take this one because it's not the same as the job i lost my ultimate point is when there's evidence that it would be unreasonable to take the position and there's evidence that it would be reasonable not to take the position that that is a a question of fact for the fact finder and uh your review is uh owes proper deference to the fact finder and here judge doherty weighed the evidence and he found that the jobs were substantially similar um maybe even the the case that uh plaintiff relies on the harine case for the substantially equivalent standard that case itself didn't apply uh the standard along the terms that council is suggesting that it should in the actual facts of that case um the defendant had offered to reinstate the plaintiff at the same job that they'd been fired from uh and the plaintiff uh declined to accept that offer so really that statement and harine didn't even really play into um the court's holding in that case um so i i think ultimately um there is little support in illinois law for these this substantial equivalent standard but even if the court thinks that that is the appropriate standard to apply here that the there's still plenty of evidence in the record for the judgment to stand because under that substantially equivalent standard there is evidence of equivalence as there is evidence of difference and the trial judge judge doherty looked at that evidence and made a finding effect now the case law that that does talk about substantial equivalence and use that test clearly supports my position that whether a two jobs are equivalent and whether the plaintiff's decision to accept or reject such a job are questions for the fact finder now you know what harine says is well as long as you know the positions are in the same line of work and they're not demeaning well then that's you know that's relevant evidence and i guess i would posit that as long as there's some evidence coming from the defense to show that um the the the declined position is in the same field and evidence to show that it's not you know quote unquote demeaning then ultimately that's a question for the fact finder and and this review should be referential to the fact finder in in that sort of situation um a bit about a bit about the schwarz case um first uh i i refer the court to judge doherty's analysis and i i wouldn't uh claim to be able to put forth a a better analysis and distinguishment of that case than he did in his opinion i would just like to point out one other thing that wasn't mentioned in the opinion where i think that the reliance on schwarz is a bit of a red herring because plaintiff is contending that it um sets forth sort of a per se rule or exception about not having to take a uh a job from the same employer but the language in schwarz still talks about depending on the facts and circumstances an employee may not have to take a a job offer from the employee who was firing them so i mean ultimately in other words i mean schwarz schwarz is still employing a a fact-based reasonableness standard on the plaintiff's decision whether or not to accept or reject the job offer and and that's that's what i have to offer on that case um with respect to um the cross appeal i don't i guess i don't know how much time i have left but um to discuss the cross appeal again it's contingent it's in the event that this court finds or decides to reverse judge doherty on the um the issue of mitigation um so it's to understand what plaintiff's asking is for you to reverse on the finding of mitigation and to award trouble um actual damages under the the conscience act uh in the trial court we raised we i'm sorry i got a little feedback there um we we raised an affirmative defense based on one dash i don't want to get it wrong 1-102 of the tort immunity act which which precludes punitive damage assessments against local public entities so we raise that as an affirmative defense to any awarding of treble damages under the conscience act uh judge doherty struck that affirmative defense pursuant to a motion to strike um by the plaintiff um so that issue is a it's a pure issue of law um raised on the pleadings and i would say that the there's a another court the paulson court in the case of paulson versus decalb examined a very similar issue with respect to an affirmative defense raised by 1-102 in response to a request for troubling of actual damages under the nursing home care act the nursing home care act essentially has a similar regulatory scheme as the conscience act and in that case the court found that or the the court uh reminded us that when necessary the the court needs to look at two statutes in harmony wherever possible and i think it was especially concerned with its ability to do that or the importance of doing that in a case where to not do that would or could result in an assessment of what amounted to punitive damages against the government which is clearly um against uh the public policy of this state so where we think judge doherty erred um in his decision on that note was by making a finding that he could not read the statutes in harmony um and going to the question and employing the statutory canons um essentially finding that because the conscience act was more specific than the tort immunity act and because the conscience act was enacted later than the tort immunity act that it should you know quote unquote trump um section 1-102 of the tort immunity acts prohibition against an assessment punitive damages so my position is that the paulson case provides a road map to this court to read the sections in harmony which it must do if it can so the harmonious way to read the statutes is like the court didn't paulson would be to find that while the conscience act sets forth a regulatory scheme that in general applies to local governmental entities the clear statement of law in section 1-102 that punitive damages cannot be awarded against the local governmental entity notwithstanding any other provision of law is also true and those can be read in harmony together and there's no need to resort to the canons of statutory construction to determine um you know what statute should apply to the exclusion of the other um if your honors don't have any questions i suppose i reserve the remainder of my time for rebuttal seeing no questions you'll have that final five minutes rebuttal on behalf of the uh i'd like to make just a few points uh first under the standard which mr atkiss then brought up to the court a few minutes ago if the job is of equivalent compensation but is not demeaning then in effect the employee has to take it and i would say that for a nurse who is a pediatric nurse uh who is then transferred to a nursing home where she has to lift patients uh and change bedpans and all the rest of the things i talked about that's demeaning second uh the conscience act and this goes to the question of whether the discrimination and acts of discrimination a transfer and this was a transfer so in effect the transfer to this less good job was part of the discrimination so they're not entirely separate uh as we were discussing before and it is not the plaintiff's contention that the two jobs must be identical they only need to be substantially equivalent and that goes to a reasonableness standard and uh but these jobs aren't even close we're not talking about jobs that are only slightly different or have a few different changes these are truly a good job and what is a very difficult job and whether she made up her mind before or after isn't important because the standard is whether or not the the defendant can show that a substantially equivalent job existed for her to take and forcing her to take a much worse job certainly does not make her whole and uh that's all i have your honor i wonder counsel if you know any registered nurses or lpms and nurses aides that work in nursing home and whether you do or not you've labeled them here today and being in a demeaning position i don't think the county would appreciate that i don't think those employees would appreciate that i would imagine that there are some nurses that take jobs in nursing homes because of geography or convenience or because they have an interest in working with geriatric patients i i don't understand that that ought to be standard but but that isn't that isn't nurse rojas position i mean she was clearly a pediatric nurse and this was for her much worse position she was a nurse who was working in pediatrics are you suggesting that the record shows she had training as a pediatric nurse i i believe it did yes and it's certainly your experience yes i agree understood very well thank you counsel thank you your honors mr ackes final rebuttal now sure just one one quick point um counsel's quick to mention nurse rojas's experience as a pediatric nurse i think what what's what we need to counsel what you get to me but is what is relevant to your cross appeal you don't another opportunity to rebut the primary argument oh okay i i apologize your honor i didn't understand yeah i didn't mean to i didn't mean to misstep i was just responding i suppose i don't have anything typical i mean i don't have anything further to add on my cross appeal and i i apologize and withdraw any statements that may have been in violation of the uh brisky are you there i am indeed your honor very good i just want to make sure you heard the rest of the uh comments you went when you muted your um camera it went black as well so but i i was just trying to be courteous to mr atkins that's all okay we appreciate that appreciate it all right this matter will be taken under advisement and the court now stands in recess thank you gentlemen